IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN ACCOUNTABILITY FOUNDATION**,<br>300 Independence Ave., SE<br>Washington, DC 20003<br><br>*Plaintiff*,<br><br>v.<br><br>**NATIONAL INSTITUTES OF HEALTH**,<br>9000 Rockville Pike<br>Bethesda, MD 20892<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**,<br>200 Independence Ave., SW<br>Washington, DC 20201<br><br>*Defendants*. | Case No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff American Accountability Foundation brings this action against Defendants National Institutes of Health and U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. §552.

1. Dr. Johanna Olsen-Kennedy runs the largest youth gender clinic in the United States at the Children's Hospital of Los Angeles. *See* Olson-Kennedy, MD, *National LGBTQIA+ Health Education Center*, perma.cc/EQ5H-CF7X. In 2015, she began a multiyear study as part of a broader, multimillion-dollar federal project on transgender youth funded by the NIH. Dr. Olson-Kennedy received the largest grant that's ever been awarded in the U.S. on the subject of transgender youth. *See* Chris Nesi, *Woke doc refused to publish $10 million trans*

*kids study that showed puberty blockers didn't help mental health*, N.Y. Post (Oct. 23, 2024), bit.ly/3YLpkya. With these considerable resources, Dr. Olson-Kennedy's study examined 95 children diagnosed with gender dysphoria from across the country and aimed to determine whether puberty blockers improved their mental health. *Id.* The average age of the children in the study was 11. *Id.*

2. On October 23, 2024, the New York Times reported that Dr. Olson-Kennedy was finding that "[p]uberty blockers did not lead to mental health improvements." Ghorayshi, *U.S. Study on Puberty Blockers Goes Unpublished Because of Politics, Doctor Says*, N.Y. Times (Oct. 23, 2024), bit.ly/4pYCO5D. The New York Times reported that Dr. Olson-Kennedy "has not published the data" because "the findings might fuel the kind of political attacks that have led to bans of the youth gender treatments in more than 20 states," including one that "will soon be considered by the Supreme Court." *Id.* It was also reported that Dr. Olson-Kennedy thought that the reason why puberty blockers did not improve mental health could have been "because the children were already doing well when the study began." *Id.* But the New York Times observed that "[t]hat conclusion seemed to contradict an earlier description of the group, in which Dr. Olson-Kennedy and her colleagues noted that one quarter of the adolescents were depressed or suicidal before treatment." *Id.*

3. On October 28, 2024, AAF submitted a FOIA request to NIH to obtain the data that that Dr. Olson-Kennedy referred to and all periodic reports she submitted to NIH. Though the NIH sent a response and produced some records in November 2024, NIH's production appeared incomplete as it didn't include Dr. Olson-Kennedy's data and contained redactions throughout. NIH's response also appeared incomplete and insufficient because it

didn't justify any of the redactions, nor did it explain how the search was conducted to find responsive records pertaining to the data set. AAF filed an administrative appeal on January 6, 2025. To date, NIH has not resolved AAF's appeal. AAF is entitled to relief under FOIA.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §§1331, 2201(a), 2202.

5. Venue is proper in this district. 5 U.S.C. §552(a)(4)(B); 28 U.S.C. §1391(e)(1).

## PARTIES

6. Plaintiff American Accountability Foundation is a non-profit organization that uses investigative tools to educate the public on issues related to personnel, policy, and spending in the federal government. AAF is headquartered in Washington, D.C.

7. National Institutes of Health is an "agency" of the federal government under 5 U.S.C. §552(f)(1). NIH is in possession, custody, and control of the records responsive to AAF's requests.

## STATUTORY FRAMEWORK

8. Under FOIA, federal agencies must release requested records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. §552(a)(3).

9. "FOIA mandates 'a strong presumption in favor of disclosure.'" *Elkins v. FAA*, 65 F. Supp. 3d 194, 199-200 (D.D.C. 2014) (quoting *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002)).

10. FOIA also requires an agency to respond "within 20 [working] days . . . after the receipt of any such request," notifying the requester of the agency's "determination"

whether or not to comply with the request, the reasons therefor, and the right to appeal any adverse determination to the head of the agency. 5 U.S.C. §552(a)(6)(A)(i).

11. This 20-working-day requirement mandates "more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013). Rather, the agency must at least "gather and review the documents" and then specifically "determine and communicate the scope of the documents it intends to produce and withhold." *Id.*

12. The agency bears the burden of showing "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Am. Oversight v. HHS*, 101 F.4th 909, 923 (D.C. Cir. 2024) (internal quotation marks omitted).

13. When the requester files an administrative appeal, the agency must "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. §552(a)(6)(A)(ii). Though the agency may cite "unusual circumstances" to extend the timing of processing the appeal, "[n]o such notice shall specify a date that would result in an extension for more than ten working days, *id.* §552(a)(6)(B)(i), unless the agency "provide[s] the person an opportunity to limit the scope of the request" or "an opportunity to arrange with the agency an alternative time frame for processing the request," *id.* §552(a)(6)(B)(ii).

14. Ordinarily, a FOIA requester must exhaust administrative appeal prior to seeking judicial remedy. However, the requester is "deemed to have exhausted administrative remedies" if the agency violates the 20-working-day time limit. 5 U.S.C. §552(a)(6)(C)(i).

4

15. Courts have jurisdiction to "order the production of any agency records improperly withheld from the complainant." *Id.* §552(a)(4)(B).

16. FOIA also allows the court to assess "reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." *Id.* §552(a)(4)(E).

## FACTUAL ALLEGATIONS

17. On October 28, 2024, AAF submitted a FOIA request to NIH. Ex. A. AAF requested a copy of the data Dr. Olson-Kennedy referenced in her comments to the New York Times and all final periodic progress reports submitted to NIH regarding her study on the impact of puberty blockers on transgender youth.

18. On the same day NIH sent AAF an acknowledgement of receipt and stated that "unusual circumstances … may impact [NIH's] ability to fulfill a FOIA request within 20 business days." Ex. A.

19. On November 14, 2024, NIH's FOIA coordinator sent a "final response." Ex. B. The FOIA coordinator found that "no unusual circumstances apply to processing [AAF's] request" and did not charge any fees. *Id.* The FOIA coordinator stated that she found certain records and produced them, which included substantial redactions.

20. On January 6, 2025, AAF submitted an administrative appeal. Ex. C. NIH acknowledged the receipt of the appeal on the same day. **First**, AAF objected to NIH's invocation of Exemption 4 throughout the records because "a noncommercial scientist's research design is not literally a trade secret or item of commercial information, for it defies common sense to pretend that the scientist is engaged in trade or commerce." *Wash. Rsch.*

5

*Proj., Inc. v. Dep't of Health, Educ. & Welfare*, 504 F.2d 238, 244 (D.C. Cir. 1974) (rejecting the claim of Exemption 4 over grant applications—"initial, continuation, supplemental, and renewal"—as well as "progress reports made by grantees as part of the last three kinds of applications"). ***Second***, AAF identified eight pages of records containing redactions with notes such as "redacted by agreement," "Unpublished," "Personnel," "Non Key Personnel," and "Pending Support" as improper and lacking sufficient justification. ***Third***, AAF objected to the adequacy of NIH's search. Specifically, AAF requested a copy of the data to which Dr. Olson referred. The FOIA coordinator's response said nothing about how the search was conducted, whether such data are being withheld, and, if they are being withheld, why they are being withheld.

21.     NIH's January 6, 2025, appeal acknowledgement invoked "unusual circumstances" based on the "need to consult with another office or agency that has substantial interest in the determination of the appeal." Ex. D. NIH, however, did not provide an alternative timeline for processing or an opportunity to limit the search. *Id.*

22.     On May 19, 2025, AAF sent a letter demanding that NIH resolve AAF's administrative appeal.

23.     To date, NIH has not resolved AAF's administrative appeal.

## CLAIM FOR RELIEF

### COUNT
### Failure to Comply with FOIA
### 5 U.S.C. §552

24.     AAF repeats and re-alleges the allegations in the foregoing paragraphs as if set forth fully herein.

6

25. AAF properly requested records within Defendants' possession, custody, and control.

26. Under 5 U.S.C. §552(a)(3)(A), Defendants were required to reasonably search for and promptly produce all responsive records that are subject to disclosure under FOIA.

27. Defendants failed to produce and wrongfully withheld the records responsive to the Chamber's FOIA requests.

28. AAF has constructively exhausted administrative remedies under 5 U.S.C. §552(a)(6)(C)(i).

29. AAF is entitled to an order requiring Defendants to produce records without the redactions challenged in AAF's administrative appeal.

30. AAF is also entitled to an order compelling Defendants to conduct reasonable searches sufficient to locate responsive records and to promptly produce all responsive records.

31. To the extent that Defendants seek to invoke any of the applicable FOIA exemptions in response to the newly found records, AAF reserves the right to challenge them and is entitled to an order compelling Defendants to produce sufficiently detailed indexes justifying withholding of responsive records.

## PRAYER FOR RELIEF

AAF respectfully asks this Court to enter judgment in its favor and to provide the following relief:

(1) An order compelling Defendants to expeditiously conduct a reasonable search for all records responsive to AAF's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all responsive records;

(2) An order compelling Defendants to produce within twenty (20) days or such other times the Court deems proper all records responsive to AAF's FOIA requests that are subject to disclosure under FOIA and/or any indexes to the extent that Defendants seek to invoke any FOIA exemptions;

(3) A judgment declaring that Defendants failed to comply with the time limits under 5 U.S.C. §552(a)(6), and that search fees may not be assessed under §552(a)(4)(viii);

(4) Attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) All other relief to which AAF is entitled that the Court deems just and proper.

Dated: October 22, 2025

Respectfully submitted,

*/s/ Frank H. Chang*
Thomas R. McCarthy
(D.C. Bar #489651)
Cameron T. Norris
Frank H. Chang
(D.C. Bar #1686578)
**CONSOVOY MCCARTHY PLLC**
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
frank@consovoymccarthy.com

*Attorneys for Plaintiff American
Accountability Foundation*

# EXHIBIT A



American Accountability Foundation <records@americanaccountabilityfoundation.com>

# NIH FOIA Request # 62761
1 message

**NICHD FOIA Request** <nichdfoiarequest@mail.nih.gov>   Mon, Oct 28, 2024 at 5:46 PM
To: American Accountability Foundation <records@americanaccountabilityfoundation.com>

Greetings Mr. Thomas Jones,

The NICHD FOIA Office received a request from you seeking:

*The project Dr. Olson-Kennedy referenced in the interview regarding her research (see: https://www.nytimes.com/2024/10/23/science/puberty-blockers-olson-kennedy.html)*

· Please provide a copy of the data Dr. Olson is referencing in her comments to the New York Times.

· Copies of all final periodic progress reports (those transmitted to NIH) related to The Impact of Early Medical Treatment in Transgender Youth see: https://reporter.nih.gov/search/tvp5TEUz7Eaasfi2lXgisQ/project-details/10854729

   o Date Range for Record Search: From 01/01/2016 To 10/28/2024

Before proceeding with your request, I would like to inform you that the NICHD FOIA Office is currently working through a very high volume of FOIA requests. The following unusual circumstances, as defined by Federal FOIA Regulations, may impact our ability to fulfill a FOIA request within 20 business days. These include circumstances such as (1) the request requires us to search for and collect records from multiple components and/or field offices; (2) the request involves a voluminous number of records that must be located, compiled, transferred to this office, and reviewed. In addition, given our high volume of requests, and in accordance with federal regulations, our processing policy includes factors such as the date of the request as well as the complexity of the request. Due to current circumstances, we may not be able to process your request within 20 days.

· Please confirm that the grant you are seeking is indeed "The Impact of Early Medical Treatment in Transgender Youth," **Project Number 5R01HD082554-09**  (Former Number 2R01HD082554-06), Awardee Organization CHILDREN'S HOSPITAL OF LOS ANGELES.

- In addition, please let me know if you are willing to receive records with redactions. The type of confidential information identified and redacted from grant records includes the following: Proprietary Info, Non Key Personnel, Passcode, Personal Info, Pending Support, Unpublished, Estimated Costs, EFFORT, eRA Commons User Name, Budget, and Signature.

Best Regards,

Ms. Shevon Johnson

FOIA Coordinator

National Institute of Child Health

and Human Development

Phone: 301-435-3457

# EXHIBIT B

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Public Health Service

National Institutes of Health
*Eunice Kennedy Shriver* National Institute of Child Health and Human Development
Bethesda, Maryland 20892

November 14, 2024

Mr. Thomas Jones
American Accountability Foundation
300 Independence Ave
Washington, DC 20003

Re: NIH FOIA Request # 62761

Dear Mr. Thomas Jones:

This is our final response to your Freedom of Information Act (FOIA) request addressed to the National Institutes of Health (NIH)/National Institute of Child Health and Human Development (NICHD), dated October 28, 2024, and received by this office the same day. You requested a copy of the data Dr. Olson is referencing in her comments to the New York Times, and copies of all final periodic progress reports (those transmitted to NIH) related to The Impact of Early Medical Treatment in Transgender Youth.

We searched our files for records and located the following records responsive to your request: 5R01HD082554-06, 5R01HD082554-07, 5R01HD082554-08 and 5R01HD082554-09. In addition, you will find the Notice of Award (NoA) records related to grant R01HD082554, "The Impact of Early Medical Treatment in Transgender Youth." The redacted records are now publicly available in the NIH FOIA Library: https://www.nih.gov/institutes-nih/nih-office-director/office-communications-public-liaison/freedom-information-act-office/nih-foia-library and https://foiaportal.nih.gov/app/ReadingRoom.aspx.

In certain circumstances the provisions of the FOIA and Department of Health and Human Services FOIA Regulations allow us to recover part of the cost of responding to your request. Because no unusual circumstances apply to the processing of your request, there are no charges associated with our response.

If you have any general questions regarding FOIA processing, you may contact the NICHD FOIA Public Liaison: Mr. Paul Williams. *NICHD FOIA Public Liaison Contact Information: Mr. Paul Williams, 31 Center Drive, Rm. 2A32, Bethesda, MD 20892. Phone: 301-496-5133 and Email: paul.williams@nih.gov.*

We appreciate your interest in the research conducted and funded by the National Institute of Child Health and Human Development. If we may be of further assistance regarding your FOIA request, please contact our office via email nichdfoiarequest@mail.nih.gov or phone 301-435-3457.

Sincerely,
Shevon Johnson
Freedom of Information Coordinator
*National Institute of Child Health and Human Development*

# EXHIBIT C



January 6, 2025

Jeffrey A. Nesbit
U.S. Department of Health and Human Services
Assistant Secretary for Public Affairs
Jeffrey.nesbit@hhs.gov

William Holzerland
U.S. Department of Health and Human Services
Deputy Agency Chief FOIA Officer
William.holzerland@hhs.gov
HHS.ACFO@hhs.gov
FOIARequest@hhs.gov

**Re: FOIA Appeal (NIH FOIA Request #62761)**

My name is Thomas Jones, the President of American Accountability Foundation. I write to appeal NIH / NICHD's FOIA Coordinator's determination regarding my October 28, 2024, FOIA request and respectfully ask that you direct the FOIA coordinator to release the improperly redacted information. The FOIA request asked for a copy of the data Dr. Olson-Kennedy is referencing in her comments to the New York Times and all final periodic progress reports submitted to NIH regarding her study on the impact of puberty blockers on transgender youth. On November 14, 2024, the FOIA coordinator produced redacted documents.

*

AAF challenges the FOIA coordinator's redactions for the following reasons.

**NIH_PROD_0002-0566:** As a threshold matter, none of the FOIA coordinators' redactions under Exemption 4 (or presumably done under Exemption 4) are proper because they are "grant applications" and "progress reports" which are not commercial information and thus "not exempt from disclosure under" FOIA. *Wash. Rsch. Proj., Inc. v. Dep't of Health, Educ. & Welfare*, 504 F.2d 238, 245 (D.C. Cir. 1974).

Exemption 4 shields from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. §552(b)(4). To qualify for Exemption 4, the withheld information must be (1) commercial and (2) confidential. Under Exemption 4, "information must be commercial in and of itself, meaning it serves a commercial function or is of a commercial nature." *CREW v. DOJ*, 58 F.4th 1255, 1263 (D.C. Cir. 2023) (cleaned up). "And, in ordinary parlance, information is commercial if it pertains to the exchange of goods and services or the making of a profit." *Id*. Under this definition, "not every bit of information submitted to the government by a commercial entity qualifies for protection under Exemption 4." *Id*. Critically, the government cannot invoke Exemption 4 "where the withheld information only tenuously or indirectly concerns the exchange of goods or services or the making of a profit." *Id*. at 1265 (citing, inter alia, *Wash. Rsch. Proj.*, 504 F.2d at 244-45).

300 Independence Ave SE
Washington DC 20003
202-495-0720
info@americanaccountabilityfoundation.com





As the D.C. Circuit held, "a noncommercial scientist's research design is not literally a trade secret or item of commercial information, for it defies common sense to pretend that the scientist is engaged in trade or commerce." *Wash. Rsch. Proj.*, 504 F.2d at 244. This is why the Court rejected the claim of Exemption 4 over "grant applications—initial, continuation, supplemental, and renewal" as well as "progress reports made by grantees as part of the last three kinds of applications." *Id.*

Children's Hospital of Los Angeles is a nonprofit institution. *See* Children's Hospital Los Angeles, *Ways to Help – Frequently Asked Questions – FAQs*, perma.cc/JLW4-CKSP. And the topic of Dr. Olson-Kennedy's research—observing the efficacy of puberty blockers on improving children patients' mental health—"only tenuously or indirectly concerns the exchange of goods or services or the making of a profit." *CREW*, 58 F.4th at 1263. The application material and progress reports are not commercial information that can be withheld under Exemption 4. *See id.*; *see also Wash. Rsch. Proj.*, 504 F.2d at 244. For that reason, AAF respectfully requests that your office instruct the FOIA coordinator to remove all invocations of Exemption 4.

**NIH_PROD_0416-0417, 0500-0501**: The redactions found on these pages fail for additional reasons. The FOIA coordinator failed to explain what exemption applies to the redacted portions. The shorthand reference—"redacted by agreement"—is not a valid FOIA exemption. Necessarily, the FOIA coordinator failed to justify the withholding.

To the extent that this shorthand is referring to Exemption 4, the FOIA coordinator still failed to justify the withholding. Again, to qualify for Exemption 4, in addition to being commercial, the withheld information must be confidential. To be confidential, the information must be "both customarily and actually treated as private by its owner." *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 440 (2019). Here, the FOIA coordinator provided no evidence that the information was customarily and actually treated as private by Dr. Olson-Kennedy. AAF requests that your office instruct the FOIA coordinator to remove the redactions on these pages.

**NIH_PROD_0420**: The FOIA coordinator failed to explain what exemption applies to the redacted portions. The shorthand reference—"Unpublished"—is not a valid FOIA exemption. Necessarily, the FOIA coordinator failed to justify the withholding. AAF requests that your office instruct the FOIA coordinator to remove the redactions on this page.

**NIH_PROD_0421, 0503**: The FOIA coordinator redacted some of the individuals' names under the "Personnel" and "Non Key Personnel" labels. These redactions are unjustified, especially the FOIA coordinator revealed five other researchers' names. If those names can be released, there's no reason why the redacted names cannot be released. For these reasons, AAF requests that your office instruct the FOIA coordinator to remove the redactions on these pages.





**NIH_PROD_0431**: The FOIA coordinator failed to explain what exemption applies to the redacted portions. The shorthand reference—"Pending Support"—is not a valid FOIA exemption. Necessarily, the FOIA coordinator failed to justify the withholding. AAF requests that your office instruct the FOIA coordinator to remove the redactions on this page.

*

In addition, AAF challenges the adequacy of the search and response as to its request that NIH produce "a copy of the data Dr. Olson is reference in her comments to the New York Times." *See also* Azeen Ghorayshi, *U.S. Study on Puberty Blockers Goes Unpublished Because of Politics, Doctor Says*, N.Y. Times (Oct. 23, 2024), www.nytimes.com/2024/10/23/science/puberty-blockers-olson-kennedy.html. The FOIA coordinator's response letter says nothing about the search that she conducted to look for responsive records, whether they are being withheld, and, if they are being withheld, why they are being withheld.

Such a non-response plainly violates FOIA. Agencies must conduct a search that was "reasonably calculated to uncover all relevant documents." *Am. Oversight v. HHS*, 101 F.4th 909, 923 (D.C. Cir. 2024) (cleaned up). And they must "make the records promptly available." 5 U.S.C. §552(a)(3)(A). The failure to do so constitutes a violation of FOIA. Here, the FOIA coordinator ignored AAF's request regarding Dr. Olson-Kennedy's data. AAF requests that your office instruct the FOIA coordinator to promptly conduct a search regarding the data and to produce them.

Sincerely,
Thomas Jones
President



# EXHIBIT D

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

Case No. 2025-00051-A-PHS

**January 6, 2025**

Thomas Jones
American Accountability Foundation
300 Independence Avenue SE
Washington, DC 20003
Sent via email: records@americanaccountabilityfoundation.com

Dear Mr. Jones:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) appeal, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division. We received your appeal on **January 6, 2025**. Your appeal challenges the National Institutes of Health's (NIH's) response to your original FOIA request (Request No. 62761). Your appeal has been assigned the above-stated case number based on when it was received in this office. Please reference this number on your correspondence.

Your appeal challenges the adequacy of the NIH's search for information responsive to your original request and its decision to withhold information responsive to your request.

Pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 5 U.S.C. § 552(a)(6)(B)(iii) of the FOIA and 45 CFR 5.24(f) of the HHS FOIA regulations, your appeal falls under "unusual circumstances" in that our office will need to consult with another office or agency that has substantial interest in the determination of the appeal. The actual processing time will depend on the complexity of the issues presented in the appeal and consultation with other U.S. Department of Health and Human Services (HHS) components involved. Each appeal is handled on a first-in, first-out basis in relation to the other open appeals in the processing queue. Currently, there are approximately 550 open appeals in the processing queue. For more information about how your appeal will be processed please refer to the HHS FOIA regulations (https://www.federalregister.gov/documents/2016/10/28/2016-25684/freedom-of-information-regulations).

As a final note, if you are not already submitting your appeals through our Public Access Link (PAL), we recommend all future appeals be submitted through PAL - https://requests.publiclink.hhs.gov/. Submitting appeals through PAL automatically logs your appeal into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your appeal, receive your response directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

If you have any questions, please email us at foiarequest@psc.hhs.gov.

Sincerely yours,

*Alesia Y. Williams*

Alesia Y. Williams
Director, FOIA Appeals and Litigations
FOI/Privacy Acts Division

2025-00051-A-PHS